UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE SANGUINETTI,

      Plaintiff,

v.                              Case No.:  2:21-cv-529-JLB-KCD

KEVIN RAMBOSK, COLLIER
COUNTY, ADAM DILLMAN,
JOHN SCADUTO, DAVID
DRUCKS, MICHAEL PUKA and
DAVID CRISP, JR. ,

      Defendants.

_____/

## ORDER

Before the Court is Defendants' Joint Motion to Strike Untimely Disclosed Treating Physician (Doc. 181), and Plaintiff's response in opposition (Doc. 184).[1] For the reasons below, Defendants' motion is granted.

## I. Background

This is a civil rights suit. Plaintiff Jorge Sanguinetti was arrested by several Collier County Sheriff's Deputies outside a bar. He claims the deputies beat him, falsely arrested him without probable cause, and then jailed him

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

without attending to his medical needs. The operative complaint contains a host of federal and state-law claims. (*See* Doc. 149.)

Discovery closed in November 2023. Since then, however, Plaintiff updated his Rule 26 disclosures and identified, for the first time, a new witness:

> Dr. Maria J Del Sol
> 240 Crandon Boulevard, Suite 230,
> Miami, FL, 33149
> (305) 439-0087
> Witness has knowledge of allegations in Complaint as a Treating Physician

(Doc. 181-1 at 4.) Dr. Del Sol was never mentioned in any prior discovery. Nor do Defendants have any of her treatment records. Accordingly, they now move to strike Dr. Del Sol from appearing at trial.

## II. Discussion

The Federal Rules of Civil Procedure seek to create a level playing field through the compulsory exchange of information. To that end, each side must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26 (1)(1)(A)(i). "Additionally, the disclosing party has a continuing duty to supplement its disclosure upon learning that a previous disclosure was incomplete or incorrect." *Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir.

2017). "The general aim of this regime is to make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1353 (11th Cir. 2020) (Tjoflat, J., dissenting).

Compliance with Rule 26 is not aspirational. "If a party fails to provide information or identify a witness as required by Rule 26[,] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction is intended to provide "strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion." Fed. R. Civ. P. 37(c)(1) (advisory committee's note to 1993 amendment).

There is no dispute Plaintiff transgressed Rule 26. Despite treating with Dr. Del Sol as far back as August 2023, he failed to disclose her existence until months later and after discovery closed. *See Rigby*, 717 F. App'x at 835 (finding noncompliance with Rule 26 where several witnesses were disclosed "only after the discovery period had ended").

That leaves the question of what penalty, if any, is appropriate. A court need not impose sanctions if the failed or inadequate disclosure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless

rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

Starting with the first exception, "[f]ailure to comply with Rule 26(a) is substantially justified when a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 611CV2005ORL18GJK, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013). "The test is satisfied if there exists a genuine dispute concerning compliance." *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001).

Plaintiff does not argue his conduct was substantially justified. Nor could he. Dr. Del Sol treated Plaintiff for injuries stemming from Defendants' conduct. The need to timely disclose her existence is thus obvious and undeniable. *See State Farm Mut. Auto. Ins. Co. v. LaRocca*, No. 8:21-CV-2536-SCB-AEP, 2023 WL 6292455, at *2 (M.D. Fla. Sept. 11, 2023).

Turning to harmlessness, the Eleventh Circuit has yet to endorse a precise definition of the term. *See Crawford*, LLC, 977 F.3d at 1341-42. District courts have thus resorted to a factor-based test that weighs: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing

party's explanation for its failure to disclose the evidence." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, No. 2:22-CV-86-SPC-NPM, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023). Neither party advocates for a different approach, and so the Court will press on under this framework.

Weighing the above factors leaves the Court with no choice but to exclude Dr. Del Sol. Most problematic, Plaintiff provides no reason (let alone a good reason) for failing to disclose Dr. Del Sol. The only justification he offers is that Defendants were informed in August he would be seeing "some doctor." (Doc. 184 at 2.) From there, Plaintiff says it was Defendants burden to follow up and identify the doctor. Two problems. First, if Plaintiff is suggesting his general reference to "some doctor" was a disclosure under Rule 26, he is wrong. *See, e.g.*, *Geico Cas. Co. v. Beauford*, No. 8:05CV697 T24EAJ, 2007 WL 2412953, at *5 (M.D. Fla. Aug. 21, 2007); *see also Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-CV-76-DMB-JMV, 2018 WL 3058870, at *3 (N.D. Miss. June 20, 2018) ("[C]ourts have routinely found broad categorizations of witnesses . . . to be insufficient to identify witnesses."). And second, Plaintiff's argument flips Rule 26 on its head. Defendants did not have to investigate Plaintiff's every statement to identify witnesses who may appear at trial. "Discovery is not a game of gotcha." *Measured Wealth Priv. Client Grp., LLC v. Foster*, No. 20-80148-CIV, 2020 WL 3477533, at *1 (S.D. Fla. June 25, 2020). It was Plaintiff's burden to ensure compliance with Rule 26. Having failed to do so, he cannot

shift the blame to Defendants. *See, e.g.*, *Station Enterprises, Inc. v. Ganz, Inc.*, No. 07-CV-14294, 2009 WL 3059148, at *5 (E.D. Mich. Sept. 24, 2009) (granting motion to strike fact witness because mere mention of his name in discovery responses did not obviate the need for disclosure under Rule 26).

Moving on to the issue of surprise, Rule 26 is intended to provide the opportunity to pursue "thorough discovery" of potential witnesses. *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 923 (11th Cir. 2010). Plaintiff's conduct all but precluded this. Because discovery had closed when Dr. Del Sol was revealed, Defendants have no information about her treatment of Plaintiff or her opinions. This undermines Defendants' ability to prepare a defense. "The disclosure requirements of Rule 26 . . . are intended to prevent precisely this type of surprise." *Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 878507, at *2 (N.D. Ga. Mar. 8, 2016); *see also Nance*, 381 F. App'x at 923 (holding that failure to disclose witnesses was harmful because defendant did not have the opportunity to depose them and conduct discovery).

Under the second and third factors, which consider disruption and ability to cure, letting Plaintiff belatedly comply with Rule 26 would interrupt these proceedings. Discovery has closed and Defendants are seeking summary judgment. So this case would take a significant step back if discovery reopened. To be sure, more discovery is an option. Yet that need not be done where there

is unexplained delay by the disclosing party, as here. *Perrigo Co. v. Merial Ltd.*, No. 1:15-CV-03674-SCJ, 2018 WL 11350563, at *6 (N.D. Ga. Apr. 30, 2018).

Finally, there is no argument about the importance of Dr. Del Sol's testimony. Since the burden rests with Plaintiff, this factor also works against him. *See State Farm Mut. Auto. Ins. Co. v. LaRocca*, No. 8:21-CV-2536-SCB-AEP, 2023 WL 6292455, at *3 (M.D. Fla. Sept. 11, 2023) ("Without an explanation of the importance of the testimony, the Court cannot find that Defendants have met their burden of establishing that this testimony is sufficiently important so as to outweigh the harm caused by the untimely disclosure.").

Precluding Dr. Del Sol as a witness is strong medicine. But with no showing of substantial justification or harmlessness, Rule 37 says that Plaintiff may not "use [Dr. Del Sol] to supply evidence . . . at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

One last ancillary issue. There is some authority suggesting that a district court can impose a sanction less harsh than exclusion despite no showing of substantial justification or harmlessness. *See Crawford*, 977 F.3d at 1342 n.4 (declining to address "whether[,] even in the absence of substantial justification or harmlessness, the fact of an untimely disclosure under Rule 26 automatically requires exclusion of the evidence rather than one of the 'other appropriate sanctions' suggested in Rule 37(c)(1)(C)"). The Court need not

decide this issue "that has split the circuits." *Id.* Even if a lesser sanction were available, Plaintiff fails to specify one that would appropriately address the violation. Instead, he merely proffers that discovery can be reopened to depose Dr. Del Sol. (Doc. 184 at 3.) But that is not a sanction, and in the Court's view, reopening discovery would provide insufficient incentive for compliance with Rule 26. *See Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure [or nondisclosure] to show that its failure to comply with the Rule was . . . deserving of some lesser sanction.").

### III. Conclusion

This case has been a protracted affair. We are on the fifth version of the complaint, and discovery has been extended an equal number of times to accommodate issues ranging from overdue written requests to new experts. All told, discovery was open for two years. (*Compare* Doc. 38, *with* Doc. 131.) Against this backdrop, there is no discernable justification for Plaintiff failing to timely disclose Dr. Del Sol. And allowing Plaintiff to now include a new witness would derail the case, prejudice Defendants, and essentially reward Plaintiff for his dereliction. These are the exactly the circumstances where Rule 37 envisions preclusion. Accordingly, it is now **ORDERED**:

1.    Defendants' Joint Motion to Strike Untimely Disclosed Treating Physician (Doc. 181) is **GRANTED**.

2.    Plaintiff is precluded from offering Dr. Del Sol as a witness "on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

**ENTERED** in Fort Myers, Florida on January 16, 2024.


Kyle C. Dudek
United States Magistrate Judge


Copies:  All Parties of Record