UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE SANGUINETTI,

Plaintiff,

v.

Case No: 2:21-cv-00529-JLB-K_D

COLLIER COUNTY, KEVIN RAMBOSK, ADAM DILLMAN, JOHN SCADUTO, DAVID DRUCKS, MICHAEL PUKA, and DAVID CRISP, JR.,

Defendants.
_____________________________________/

**ORDER**

Before the Court is Plaintiff Jorge Sanguinetti's Motion for Reconsideration or Alternatively to Alter or Amend the Court's Order (Doc. 233) granting summary judgment in favor of Defendants. (Doc. 240). Defendants filed a Joint Response in Opposition (Doc. 241). Upon careful review, the Court **DENIES** the Motion for Reconsideration.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 52(b) permits a party to move, no later than 28 days after entry of judgment, for the Court to amend its findings or make additional findings and amend the judgment accordingly. Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend judgment within 28 days after its entry.

The purpose of a motion for reconsideration is to correct manifest errors of

law or fact or to present newly discovered evidence. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal quotation marks and citation omitted); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 771 F. App'x 991, 995 n.5 (11th Cir. 2019) (quoting *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986) ("The purpose of [Rule 52(b) motions] is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence.")). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King*, 181 F. Supp. 2d at 1369.

**DISCUSSION**

As a preliminary matter, the Court notes that Mr. Sanguinetti's Motion fails to comply with the Middle District of Florida's Local Rule 3.01(g), requiring that a party confer with the opposing party in good faith prior to filing a motion and certifying such in the motion. (Doc. 240). On this basis, the Court may strike the Motion for non-compliance with the rules. Even so, the Court addresses the merits of the Motion.

First, Mr. Sanguinetti argues that the Court improperly found that Mr. Scaduto had probable cause to arrest him for trespass under Fla. Stat. § 810.08(1). (Doc. 240 at 4–9). Mr. Sanguinetti made identical arguments in response to Defendants' motions for summary judgment, which this Court addressed. (Doc. 198 at 6–9; Doc. 199 at 15–17; Doc. 233 at 17). On reconsideration, Mr. Sanguinetti may not "relitigate old matters, raise argument or present evidence." *Michael*

*Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Accordingly, this argument is not properly before the Court. But the Court will nonetheless address the argument to assist Mr. Sanguinetti's understanding of the summary judgment Order.

Specifically, Mr. Sanguinetti contends that the statute's elements were unmet because he never entered the building where Cavo Lounge is located. (Doc. 240 at 5–7). Under Florida law, trespass occurs when "[w]hoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so . . . ." Fla. Stat. § 810.08(1). Florida defines "structure" to include the "building . . . together with the curtilage thereof." Fla. Stat. § 810.011(1). Here, surveillance video shows Mr. Sanguinetti in the roped-off entry—curtilage—to Cavo Lounge. (Doc. 179-1 at 0:00:20–30).

Mr. Sanguinetti also takes issue with whether a "person authorized" asked the deputies to remove him from the Cavo Lounge premises, arguing that "no one from the property testified." (Doc. 240 at 7–8). As noted in the Court's Order granting summary judgment, Cavo Lounge employees asked Deputies Scaduto and Dillman to remove Mr. Sanguinetti from the premises. (Doc. 233 at 17). Indeed, Jason Buro, the Cavo Lounge manager, testified that he "asked the uniformed officers to help, please get them away from the front of my club because they were

starting to cause a scene." (Doc. 173-3 at 7–8).[1] Accordingly, the Court properly considered Fla. Stat. § 810.08(1).

Next, Mr. Sanguinetti argues that the Court misapplied *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). (Doc. 240 at 10–12). Mr. Sanguinetti's Fourth Amended Complaint alleges that "[u]pon arriving at the entrance of Cavo, defendants Dillman and Scaduto immediately escalated the situation by screaming unlawful orders at Plaintiff to vacate the premises." (Doc. 149 at ¶ 38). But in response to Defendants' summary judgment motions, he argued that no employee or officer asked him to leave. (Doc. 198 at ¶ 11; Doc. 199 at ¶ 32). Because "[a] plaintiff may not amend h[is] complaint through argument in a brief opposing summary judgment," the Court did not consider those arguments in the response. (Doc. 233 at 5 n.3 (quoting *Gilmour*, 382 F.3d at 1315)). Indeed, the Court already advised Mr. Sanguinetti of this in its summary judgment order. (*Id.*).

Mr. Sanguinetti insists that *Gilmour* is limited to the introduction of new claims through a response. (Doc. 240 at 10–11). However, the Eleventh Circuit has established that a plaintiff cannot introduce a new theory of liability in response to a summary judgment motion. *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017) (citing *Gilmour*, 382 F.3d at 1315) (affirming the district court's finding that

[1] Mr. Sanguinetti's Motion for Reconsideration later makes a reference to Fla. Stat. § 901.15(1)'s "in-presence" requirement, arguing that there was no probable cause for trespass because a law enforcement officer was not present during the trespass. (Doc. 240 at 12). As explained, however, Mr. Sanguinetti was on Cavo Lounge's premises when an employee asked deputies to remove him. Moreover, both Deputies Scaduto and Dillman observed Mr. Sanguinetti's interactions with the Cavo Lounge employees. (Doc. 179 at ¶¶ 11, 12; Doc. 180 at ¶ 11; Doc. 198 at ¶ 11; Doc. 199 at ¶¶ 11, 12). Thus, law enforcement witnessed the trespass.

the plaintiff attempted to improperly amend its complaint through response to a summary judgment motion where the complaint failed to allege deployment of the flashbang and the response argued that defendant deployed the flashbang); *Ibeh v. Wilson*, No. 23-13128, 2024 WL 2723253, at *2 (11th Cir. May 28, 2024) (holding that the district court properly rejected a new theory of liability where the complaint based his claim on a certain set of facts and the response based the claim on different facts).

Here, Mr. Sanguinetti supported several of his claims on the allegation that he was unlawfully told to leave Cavo Lounge's premises by officers and employees.[2] (Doc. 149 at ¶¶ 38, 120, 131, 142, 148, 154, 173, 187, 198, 207, 214, 225, 238, 245, 253, 261, 271, 278, 282, 293, 302). By contending that he was never told to leave by either officers or employees in his responses, Mr. Sanguinetti improperly attempted to amend his Fourth Amended Complaint with a new theory of liability.

Further, Mr. Sanguinetti argues that the Court should have considered that Deputies Scaduto and Dillman physically moved him shortly after ordering him off Cavo Lounge's premises, and therefore did not give Mr. Sanguinetti a meaningful

[2] Mr. Sanguinetti further argues that the Court mischaracterized this allegation because it alleges the orders to leave the premises were "unlawful." (Doc. 240 at 11–12) (citing Doc. 149 at ¶ 38). The Court did not characterize the allegation as alleging a lawful order; rather, the Court noted that Mr. Sanguinetti alleged in his Fourth Amended Complaint that he was told to leave the Cavo Lounge premises by employees and officers but responded in opposition to the summary judgment motions that he was never told to leave. (Doc. 233 at 5 n.3).

opportunity to comply.[3] (Doc. 240 at 13–14). However, Mr. Sanguinetti was verbally told to leave the premises by Cavo Lounge's employees, which Mr. Sanguinetti refused. Deputies witnessed this interaction and approached Mr. Sanguinetti, asking if everything was okay. (Doc. 173-1 at 62–63; Doc. 179 at ¶ 11; Doc. 180 at ¶ 6; Doc. 198 at ¶ 6; Doc. 199 at ¶ 11). When Mr. Sanguinetti responded that everything was okay, Deputy Scaduto backed a few feet away, still observing Mr. Sanguinetti's interaction with the employees. (Doc. 179-1 at 0:00:00–21; Doc. 179 at ¶ 16; Doc. 180 at ¶ 5; Doc. 198 at ¶ 5; Doc. 199 at ¶ 16). Deputy Scaduto approached again after Mr. Sanguinetti continued to refuse to leave Cavo Lounge, and Mr. Buro asked deputies to remove Mr. Sanguinetti and his friends from the premises. (Doc. 179-1 at 0:00:00–21; Doc. 179 at ¶ 11; Doc. 199 at ¶ 11). Indeed, Mr. Sanguinetti's friends complied and were escorted away from Cavo Lounge by Deputy Dillman. (Doc. 179 at ¶ 12; Doc. 180 at ¶ 11; Doc. 198 at ¶ 11; Doc. 199 at ¶ 12). Mr. Sanguinetti did not comply. Thus, it is clear that Mr. Sanguinetti was given a reasonable opportunity to leave Cavo Lounge's premises.

---

[3] The Court notes that Mr. Sanguinetti made this argument only in response to the motion for summary judgment by Defendants Crisp, Drucks, Puka, and Scaduto. (Doc. 199 at 18–19). Accordingly, to the extent that it is applicable to the motion for summary judgment by Defendants Collier County, Dillman, and Rambosk, it is not considered. Mr. Sanguinetti cannot use a Rule 59(e) motion to relitigate old matters, raise new arguments, or present evidence in his motion for reconsideration. *Linet*, 408 F.3d at 763 (on motion for reconsideration, a party may not "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). Moreover, though it seems Mr. Sanguinetti intended to support this argument with caselaw ostensibly supporting this argument, **the Motion was filed with a notation from the drafter to "CITE: INSERT" without providing such citation.** (Doc. 240 at 14) (emphasis added). Plaintiff's counsel should take better care in preparation of the filing of any paper, and in *any* court, bearing his name and Bar number, as this was not the first time the Court has noticed a lack of attention to detail during this litigation. The Court nonetheless proceeds forth with discussion of this argument.

Last, Mr. Sanguinetti argues that the Court should have considered that his charges were acquitted in its probable cause analysis. (Doc. 240 at 14). Without citation to supporting law, Mr. Sanguinetti contends that "[w]hile an acquittal does not automatically negate probable cause, it is relevant circumstantial evidence" for lack thereof. (*Id.*). Mr. Sanguinetti did not make this argument in either of his responses to the Defendants' motions for summary judgment.[4] (Doc. 198; Doc. 199). A party may not make new arguments that could have been raised prior to judgment in a motion for reconsideration. *Michael Linet*, 408 F.3d at 763. On this basis alone, the argument fails.

Even so, as the Court discussed in its Order, "the correct legal standard to evaluate whether an officer had probable cause to seize a suspect is to 'ask whether a reasonable officer could conclude . . . that there was a substantial chance of criminal activity.'" (Doc. 233 at 16 (quoting *Washington v. Howard*, 25 F.4th 891, 902 (11th Cir. 2022))). Here, Cavo Lounge employees asked Deputies Scaduto and Dillman to assist with removing Mr. Sanguinetti from the Cavo Lounge premises, and both Deputies observed Mr. Sanguinetti's interactions with the Cavo Lounge employees. (Doc. 179 at ¶¶ 11, 12; Doc. 180 at ¶ 11; Doc. 198 at ¶ 11; Doc. 199 at ¶ 11, 12). Accordingly, a reasonable officer could conclude that there was a

[4] Though the Fourth Amended Complaint makes allegations that Mr. Sanguinetti was acquitted of all charges, he failed to make an argument in response to the motions for summary judgment that this weighs against a finding of probable cause. (Doc. 149 at ¶¶ 4, 94, 95, 176, 190, 212); *see Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him . . . . [T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." (citation and internal quotation marks omitted)).

substantial chance of criminal activity.

## CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration or, Alternatively, to Alter or Amend Judgment (Doc. 240), is **DENIED**.

**ORDERED** in Fort Myers, Florida, on October 9, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE